IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PEDRO HERNANDEZ III; CARMEN HERNANDEZ; ENRIQUE HERNANDEZ; YESENIA RAMIREZ, and SELENA HERNANDEZ, a Minor Child, by and through her Parents and Next Friends, ENRIQUE HERNANDEZ and YESENIA RAMIREZ, <br><br>                              Plaintiffs, <br><br> vs. <br><br> ROBERT CONDE; DEAN AKINGS; ROD WEBER; BRIAN DOUGHERTY; R. SCOTT HARPER; and CHRIS SMEE, <br><br>                              Defendants. | Case No. 05-1103-JTM |

MEMORANDUM AND ORDER

*I.  Factual Background*

This matter comes before the court on plaintiffs' motion to alter or amend the granting of summary judgment in favor of defendant, which this court granted on July 24, 2006.  Plaintiffs filed the present motion on August 1, 2006, alleging that the informant in the present case informed the agent incorrectly prior to the agent's application for the search warrant (Dkt. 114). Plaintiffs believe that this fact presents a factual question appropriate for jury determination.

As noted in the prior opinion, the issues in the present case stem from a search warrant executed for the search of 340 Heizer Street, Great Bend, Kansas.  Plaintiffs argue that an

informant told the agent who applied for the warrant that he had the wrong address. Specifically, the plaintiffs argue, the informant, Karen Byerly, informed the agent that he had the wrong trailer house prior to the agent's application for the search warrant of plaintiffs' address. According to plaintiffs:

> Karen Byerly, the confidential informant that was also present during the buy, stated that she not only saw Underwood exit the trailer house to the south of 340 Heizer, not 340 Heizer, but told Agent Conde that she had seen Underwood exit the trailer house to the south of 340 Heizer.

Plaintiffs' Amended Memorandum in Opposition to Defendant Conde's Motion for Summary Judgment (Dkt. No. 88), pp. 3-4.

## II.  Standard of Review

Under Fed. R. Civ. P. 59(e), a party may file a motion to alter or amend judgment within ten days following entry of judgment. "[T]he purpose of a rule 59(e) motion to alter or amend is to correct manifest errors of law or to present newly-discovered evidence. Such a motion is not intended to allow the parties to re-litigate previous issues, advance new theories, or rehear the merits of a case." *Brinkman v. State of Kan., Dept. of Corrections*, 869 F. Supp. 902, 904-905 (D. Kan. 1994). Once issues are determined by the court, the issues should not be re-litigated or reconsidered unless they are clearly erroneous or unless some manifest injustice was imposed. *Renfro v. City of Emporia, Kan.*, 732 F. Supp. 1116, 1117 (D. Kan. 1990). "When attempting to support a Rule 59(e) motion with newly-discovered evidence, if that evidence was available at the time of the decision being challenged, the movant must show that counsel made a diligent yet unsuccessful effort to discover that evidence." *Brinkman*, 869 F. Supp. at 904-905.

## III. Conclusions of Law

Plaintiffs submit that the informant communicated to the Agent that he had the "wrong" address. In support of this fact, plaintiffs state that this fact was included in their response to defendant's motion for summary judgment, in the statement of uncontroverted facts, and in the informant's deposition. All of this evidence was considered in the court's disposition of defendant's motion for summary judgment, except for the deposition. Therefore, the court finds that plaintiffs failed to present newly-discovered evidence.

With respect to the deposition, plaintiffs do not demonstrate that counsel made a diligent effort to discover the evidence. Plaintiffs argue that the informant's identity was not known until approximately a week and a half before discovery closed on January 12, 2006. Thereafter, plaintiffs conducted a deposition of the informant on June 7, 2006, due to the "difficulty of scheduling a videotaped deposition . . . at such a late date." Plaintiffs' Memorandum in Support of Motion to Alter or Amend the Granting of Defendant Conde's Motion for Summary Judgment, pg. 3. Beyond stating that it was difficult to schedule the deposition, plaintiffs do not explain why it was difficult to obtain this evidence in response to defendant's motion. The court is not persuaded that plaintiffs' "new" evidence requires consideration.

Moreover, the court finds that the deposition merely supports facts the plaintiffs previously submitted in response to defendant's motion for summary judgment as well as plaintiffs' statement of uncontroverted facts. The issuing court issued the search warrant based on information provided by Agent Conde in his application and affidavit for the search warrant. This court found on July 24, 2006 that the search warrant was valid. Therefore, the court denies plaintiffs' Motion to Amend or Alter Judgment. Had the court considered the evidence with the deposition, the court's granting of defendant's motion for summary judgment would not change.

The court found that the defendant's actions were objectively reasonable. Plaintiffs' "new" evidence does not change the court's analysis; therefore, plaintiffs' motion is denied.

IT IS ACCORDINGLY ORDERED this 29th day of November, 2006 that Plaintiffs' Motion to Alter or Amend the Granting of Defendant's Motion for Summary Judgment (Dkt. No. 110) and Plaintiffs' Amended Motion (Dkt. No. 113) are denied.

                                            s/ J. Thomas Marten
                                            J. THOMAS MARTEN, JUDGE